IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**SHOUNTELL HIGGINS,**

        Plaintiff,

v.                                                    Civil Action No: 3:13-CV-172
                                                       (JUDGE GROH)

**RICHARD LEE SHEPHERD,**
**NIGHT WINGS TRUCKING, and**
**DAVID MICHAEL SCOTT,**

        Defendants.

## ORDER DENYING MOTION FOR EXTENSION OF SCHEDULING ORDER, DENYING REQUEST FOR SCHEDULING CONFERENCE, AND DENYING AS MOOT MOTION TO COMPEL

Currently pending before the Court is Defendants Richard Lee Shepard and Night Wings Trucking's Motion for Extension of Scheduling Order, Request for Immediate Status Conference, and Motion to Compel Medical Examination [Doc. 25], filed on June 16, 2014. The Defendants are requesting that the Court vacate this matter's scheduling order and compel the Plaintiff to attend an independent medical examination.

The Defendants support their motions with the following allegations. On April 22, 2014, the parties agreed to extend the Plaintiff's expert witness disclosure deadline from May 1, 2014 to May 15, 2014 because the Plaintiff's chiropractor had retired. The Plaintiff's counsel stated that he would agree to a similar extension of the May 1, 2014 medical examination deadline if the Defendants determined through the disclosure that such an examination would be necessary. On May 22, 2014, the Defendants notified the Plaintiff's counsel that they sought to schedule an independent medical examination of the Plaintiff for June 16, 2014. The Defendants' counsel contacted the Plaintiff's counsel numerous

times regarding the examination. The Plaintiff's counsel stated that he was awaiting the Plaintiff's response. The Defendants canceled the examination because the Plaintiff did not confirm it. Meanwhile, on May 5, 2014, the Plaintiff was deposed. She testified at her deposition that she was scheduled for an appointment with a treating physician that week. On June 11, 2014, the Plaintiff's counsel stated that he had requested more records from the Plaintiff's medical providers on May 29, 2014, but had not received any records. The Defendants assert that these records are needed for the independent medical examination. In light of these allegations, the Defendants ask that the Court vacate the scheduling order and compel the Plaintiff to attend the examination.

First, vacating the scheduling order would necessitate extending several deadlines that have passed–the joinder and amendments deadline, the expert disclosures deadline, and the examination/inspection deadline. The Court may extend these deadlines if the parties "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" applies to "instances of mere 'inadvertence, mistake, or carelessness.'" Symbionics Inc. v. Ortlieb, 432 F. App'x 216, 220 (4th Cir. 2011) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship, 507 U.S. 380, 391-92 (1993)). Excusable neglect is "not easily demonstrated" and applies "only in the 'extraordinary cases where injustice would otherwise result.'" Id. (quoting Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996)). To determine whether excusable neglect is demonstrated, the Court considers the danger of prejudice, the delay's length and potential impact on the proceedings, the reason for the delay, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith. Thompson, 76 F.3d at 533 (citation omitted). The "most important factor" in demonstrating excusable

2

neglect is the reason for failure to timely file. Id. at 534.

Here, the Defendants have not argued that they missed these deadlines due to excusable neglect. Even so, the weakness of the reason for the delay overrides any tendency that the other factors may have toward showing excusable neglect as the Defendants have not shown the delay arose from factors outside of their control. See id. at 533-34. Before the examination deadline expired, the parties agreed to extend a deadline amongst themselves and addressed the possible need to extend the examination deadline. The Defendants therefore could have asked the Court for an extension before May 1, 2014, but failed to do so. Accordingly, the Court does not find excusable neglect and therefore denies the motion to extend elapsed deadlines. This ruling also renders the motion to compel moot because the examination deadline passed.

Next, the Court may modify the deadlines in the scheduling order that have not passed "only for good cause." Fed. R. Civ. P. 16(b)(4). The Defendants, however, have not shown good cause to extend these deadlines. The Defendants base their request on the Plaintiff's lack of attendance at the examination and the need to obtain more medical records. The examination does not justify an extension because the examinations deadline expired. The medical records also do not support an extension because the Defendants have not explained why any delay in obtaining these records necessitates extending the remaining deadlines. Indeed, approximately one month remains before the discovery deadline. Accordingly, the Court denies the motion to amend the scheduling order because the Defendants have shown neither excusable neglect nor good cause to justify doing so. Further, because the Court denied this motion, the Court also denies the request for a scheduling conference to set new deadlines.

3

Accordingly, the Court **DENIES** the Motion for Extension of Scheduling Order, **DENIES** the Request for Immediate Status Conference, and **DENIES AS MOOT** the Motion to Compel Medical Examination.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** June 19, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE